[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FACTS
On September 26, 2000, the plaintiff, Todd Sandquist, filed a three count complaint against the defendants,[1] Bruce Shaw, Jack Upton and Arturo Vega, for the events that allegedly transpired on September 25, 1998. Sandquist claims he suffered injuries as a result of being shot by Shaw while a passenger in a vehicle that was owned by Vega, but operated by Upton.
Counts one and two are directed solely at Shaw. The first count alleges assault with the gun, and the second count alleges the negligent and careless act of shooting the gun. Count three alleges negligence as to the driver and the owner of the vehicle, Upton and Vega, respectively.[2]
On May 7, 2002, Vega filed a motion to strike count three of the complaint together with a supporting memorandum. On September 6, 2002, Sandquist filed his memorandum in opposition.
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Suffield Development Associates Ltd.Partnership v. National Loan Investors. L.P., 260 Conn. 766, 771,802 A.2d 44 (2002). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Vega moves to strike count three of the complaint on the ground that Sandquist does not state a legally sufficient claim upon which relief can be granted. Specifically, Vega claims Sandquist has not alleged a duty owed nor the breach of a duty owed by Vega, but has merely stated that Vega owns the vehicle in which Sandquist was shot. He asserts that this fact alone does not support a cause of action sounding in negligence because mere ownership of an automobile does not create a duty to protect CT Page 941 an individual for injuries sustained as a result of something other than the operation of the automobile. Being shot by a third party is not such a situation.
Sandquist opposes Vega's motion to strike asserting that Vega is vicariously liable. Sandquist maintains that the driver's negligence is imputed upon the vehicle owner.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 384, 650 A.2d 153
(1994). In the present action, Sandquist has failed to advance sufficient facts supporting an allegation of a duty owed or a breach of a duty owed by Vega. Sandquist merely asserts that his injuries "are the direct and proximate result of the negligence of the defendant operator and owner. . . ." (Complaint, Third Count, ¶ 4.) Other than this broad conclusion that Vega is negligent, Sandquist has not alleged the necessary facts to support a cause of action for negligence against Vega. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215.
Furthermore, Sandquist fails to allege sufficient facts comprising a cause of action for vicarious liability under any of the three statutory bases upon which an owner of a vehicle may be found vicariously liable for the negligence of the vehicle operator. To assert liability pursuant to General Statutes § 52-182,[3] the family car doctrine, the plaintiff must allege that Vega owned the automobile as a family car and gave the driver, a family member as defined by the statute. permission to use said vehicle. In the present case, Sandquist has failed to allege such facts.
To assert liability pursuant to General Statutes § 52-183,[4] the plaintiff must allege that the operator of the vehicle was an agent of the defendant-owner of the vehicle. Again, in the present action, Sandquist has failed to allege facts to support a finding of an agency relationship. Finally, Sandquist has failed to allege vicarious liability pursuant to General Statutes § 14-154a,[5] a statute that would require an allegation that Vega rented or leased his vehicle to the driver. Such allegation has not been made in the present case.
The third count fails to allege facts supporting a legal cause of action. Accordingly, the motion to strike the third count of the complaint is granted. CT Page 942
 BY THE COURT ___________________ Kocay, J.